```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                   :

PHILADELPHIA INDEMNITY INSURANCE  :
COMPANY,                                 :

                          Plaintiff,    :          1:23-cv-4101-GHW

                                   :        MEMORANDUM
             -v -                        :      OPINION & ORDER
                                   :

SOUTH BRONX OVERALL ECONOMIC    :
DEVELOPMENT CORPORATION *d/b/a*  :
SOBRO, *et al.*,                    :

                                 :
                  Defendants.  :
                                 :
---------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") insured two Bronx-

based organizations in 2013. That year, while working on a construction project, Ebrima Jallow fell

down a flight of stairs in a building owned and managed by those insured organizations.

Mr. Jallow's estate and wife brought a wrongful death action in New York State Supreme Court.

The insured organizations failed to appear and defend themselves in state court. Consequently, a

$16 million default judgment was entered against them.

      Ten years after the accident, in March 2023, Philadelphia learned about the wrongful death

suit for the first time. Facing the $16 million default judgment against its insureds, Philadelphia filed

this declaratory judgment action seeking a determination that it is not responsible for the judgment

because it received late notice. In May 2024, however, the state trial court vacated the very default

judgment at issue in this case. That vacatur was affirmed by the New York State Appellate Division,

First Department on May 20, 2025. In light of the vacated judgment, Philadelphia moved to

voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil

Procedure 41(a)(2). Because this declaratory judgment action was premised on the existence of a

default judgment that has since been vacated, and because Defendants will not be prejudiced by a dismissal of this case, Philadelphia's request to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2) is granted.

## I.    Background

### a.  The Underlying Wrongful Death Lawsuit

In 2013, Ebrima Jallow was doing construction work in a building owned and managed by Defendants BUFNY II Associates, L.P. ("BUFNY") and South Bronx Overall Economic Development Corporation ("SoBro"), respectively.  *See* Dkt. No. 1 (complaint); Dkt. No. 61-1 (the "Kohane Decl.") ¶ 13.  Mr. Jallow fell down a flight of stairs while on the job and died.  Kohane Decl. ¶¶ 12–13.  At the time, Philadelphia insured SoBro and BUFNY.  *See id.* ¶ 4; Compl. ¶¶ 18–19.

In 2014, Mr. Jallow's estate and his wife, Salimata Bokum, brought a wrongful death action against SoBro and BUFNY.  *Id.* ¶¶ 4, 13–14; Compl. ¶ 13.  They filed suit in the New York State Supreme Court, Bronx County.  Kohane Decl. ¶ 12.  SoBro and BUFNY did not appear and, in 2015, the court entered an order of default.  *Id.* ¶ 4.

The New York State Supreme Court did not determine damages until 2023.  *Id.* ¶ 16.  The court conducted a hearing.  SoBro and BUFNY still failed to appear, and the court entered a $16 million judgment against SoBro and BUFNY.  Kohane Decl. ¶¶ 15–16; *id.* Exhibit C (the judgment). Philadelphia asserts that it learned about the wrongful death suit for the first time six days later, on March 16, 2023.  Kohane Decl. ¶¶ 5, 17.  Philadelphia thereafter denied coverage because of the asserted late notice.  *Id.* ¶ 18.  However, Philadelphia agreed to provide SoBro and BUFNY with a courtesy defense under a reservation of rights.  *Id.*

### b.  Procedural History

On May 17, 2023, Philadelphia filed this declaratory judgment action.  *See* Compl. Philadelphia sued all parties in the wrongful death case: (1) the co-administrators of Mr. Jallow's

estate— Salimata Bokum, Almamy Jammeh and Lamine Kone—and his wife Salimata Bokum (collectively, the "Jallow Defendants"), and (2) SoBro and BUFNY (the "Insured Defendants" or, collectively with the Jallow Defendants, the "Defendants").

At the time that it filed suit, Philadelphia sought a determination that it had properly disclaimed coverage because "its opportunity to investigate the claim and defend its insured in the underlying action were materially prejudiced." *Id.* ¶ 37. At the core of Philadelphia's lawsuit was its contention that "the default judgment entered against [its] insureds entitled [it] to an irrebuttable presumption that its right to defend the underlying action was prejudiced." Dkt. No. 62 ("Mem."); Kohane Decl. ¶ 6; *see also* Compl. at 16 ("[B]ecause a judgment was entered against [the Insured Defendants] before Philadelphia was notified of the Underlying Action, an irrebuttable presumption of prejudice applies, and as a result, Philadelphia has no obligation to indemnify [the Insured Defendants] and has no obligation to defendant [the Insured Defendants] in any action against them arising from the Underlying Action.").[1] On November 6, 2023, the Jallow Defendants answered. Dkt. Nos. 28–29. On July 5, 2024, the Insured Defendants answered. Dkt. Nos. 49–50.

A year after filing this action, in May 2024, the New York State Supreme Court vacated the default judgment. Kohane Decl. ¶ 7; Kohane Decl. Exhibit D (the "Vacatur Order"). The plaintiffs in the underlying action appealed the Vacatur Order to the New York State Appellate Division, First Department. Kohane Decl. ¶ 8.

On March 19, 2025, Philadelphia moved for a stay, or to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), because the posture of the underlying

---

[1] Philadelphia asserted three causes of action in its complaint. First, Philadelphia sought "a declaration that there is no coverage for [the Insured Defendants]" under the relevant policies "[s]ince Philadelphia's investigation and opportunity to defend its insureds in the Underlying Action was irrebuttably prejudiced[.]" Compl. ¶¶ 38–44. Second, Philadelphia sought a declaration that the Insured Defendants are not entitled to coverage because its rights have been materially prejudiced "[s]ince Philadelphia was unable to investigate the claim and/or defend its insureds in the Underlying Action due to the late notice." *Id.* ¶¶ 45–53. Third, Philadelphia sought a declaration that the Insured Defendants are not entitled to coverage because the underlying action "does not arise out of a 'professional incident'" as defined by the policy. *Id.* ¶¶ 54–60.

lawsuit had fundamentally changed in light of the Vacatur Order and, therefore, the premise of this action had been upended. *See* Dkt. No. 61; Mem.; Dkt. No. 69; Dkt. No. 70 ("Reply"). Defendants at first opposed Philadelphia's motion. Dkt. No. 65 ("Jallow Opp."); Dkt. No. 64 ("Bornstein Decl."); Dkt. No. 66 ("SoBro Opp"). On April 21, 2025, the Court granted Philadelphia's request to stay this action pending the decision from the First Department. Dkt. No. 73. On May 20, 2025, the First Department upheld the Vacatur Order. Dkt. No. 74-1.

On July 28, 2025, Philadelphia renewed its motion to voluntarily dismiss this action without prejudice in light of the First Department's decision. Dkt. No. 76. This time, SoBro and BUFNY consent to a dismissal without prejudice. *Id.* Only the Jallow Defendants wish to continue with this action at this time. *Id.* The Jallow Defendants oppose dismissal because, they contend, the parties have completed discovery in this action, so the motion was made "too late." Bornstein Decl. ¶ 8. They also argue that "Plaintiff has not given an adequate explanation for the need to dismiss without prejudice." *Id.* Although Philadelphia argues that the vacatur of the default judgment changes the premise of this action, the Jallow Defendants counter that this suit can continue because they can prove that Philadelphia in fact "received timely notice" under the policy. *See* Jallow Opp. at 2–3; Bornstein Decl. ¶ 9.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 41(a)(2), if a plaintiff seeks dismissal after the opposing party has served an answer or a motion for summary judgment and without the consent of all parties, then the "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *See id.*; *see also Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016).

"It is within the district court's sound discretion to deny a Rule 41(a)(2) motion to dismiss." *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001). "Generally, however, a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" *Id.* (quoting *Wakefield v. Northern Telecom Inc.,* 769 F.2d 109, 114 (2d Cir. 1985)).

"Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). "One line indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)); *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (same). "Legal prejudice in this context has been defined as 'the impairment of some legal interest, some legal claim, or some legal argument.'" *Coffaro v. Crespo*, 2013 WL 623577, at *2 (E.D.N.Y. Feb. 19, 2013) (collecting cases); *see also Camilli*, 436 F.3d at 124 ("When the Supreme Court identified 'plain legal prejudice' to a defendant as a circumstance that would defeat dismissal of a plaintiff's suit without prejudice . . . [t]he Court was concerned about the plight of a defendant who is ready to pursue a claim against the plaintiff in the same action that the plaintiff is seeking to have dismissed.") (emphasis omitted).

"Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Camilli*, 436 F.3d at 123. Those factors include "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Id.* (citing *D'Alto v. Dahon California, Inc.,* 100 F.3d 281, 283 (2d Cir. 1996)); *Kwan*, 634 F.3d at 230 (same).

"Courts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate." *Baldanzi v. WFC Holdings Corp.*, 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010); *see also Baby-Cakes Studio LLC v. Robinson*, 2021 WL 3604579, at *4 (S.D.N.Y. Aug. 12, 2021) (same). "This factor is emphasized because it is often a strong indicator of whether the case has reached a prejudicial point—the key inquiry in evaluating a motion to dismiss without prejudice." *Baby-Cakes Studio*, 2021 WL 3604579, at *4; *see also*, *SEC v. Compania Internacional Financiera S.A.*, 2012 WL 1856491, at *2 (S.D.N.Y. May 22, 2012) ("The most important inquiry remains whether the defendant will suffer substantial prejudice as a result of a dismissal without prejudice.").

## III.    Discussion

Dismissal of this action is appropriate because the Vacatur Order upended the premise that originally underpinned Philadelphia's request for declaratory judgment—that the default judgment entitled it to an irrebuttable presumption that its ability to investigate and defend its insureds was prejudiced—and because Defendants will not be prejudiced by a dismissal. *See Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017) ("[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result.").

Dismissal without prejudice is not improper under the first line of authority because the Jallow Defendants have not identified any "plain legal prejudice" that they will suffer upon dismissal. *See Camilli*, 436 F.3d at 123 (explaining that one line of cases indicates that a voluntary dismissal "would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'").[2]  Instead, the Jallow Defendants only argue that dismissal is

---

[2] In any event, the Court has evaluated whether the Jallow Defendants will suffer some plain legal prejudice other than

inappropriate under the *Zagano* factors because, in their view, discovery is complete, "which indicates that this motion is made too late." *See* Bornstein Decl. ¶¶ 7–8; Jallow Opp. at 2–3. They also argue that Plaintiff "has not given an adequate explanation for the need to dismiss" under *Zagano* because this case hinges on the threshold issue of whether Philadelphia received timely notice, and therefore not on prejudice resulting from any purported untimely notice. *See* Bornstein Decl. ¶¶ 8–9. At bottom, the Jallow Defendants' objection to dismissal is that the case has proceeded to the point where the Court should rule on the merits of Plaintiff's claim now, rather than in the future should Plaintiff reinstate this suit.[3]

In this case, the *Zagano* factors weigh in favor of dismissal. The first and second *Zagano* factors—the plaintiff's diligence in bringing the motion and any undue vexatiousness on the plaintiff's part—weigh in favor of dismissal. When Philadelphia filed this suit, the declaratory judgment and its attendant irrebuttable presumption of prejudice were still in place. *See generally Travelers Indem. Co. v. Patino*, 2022 WL 3701506, at *2 (S.D.N.Y. Aug. 26, 2022) ("[A]n irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction . . . .") (citing N.Y. Ins. Law § 3420(c)(2)(B)). It was not until later, after this case had progressed, that the default judgment was vacated and affirmed. This fundamentally changed not only the posture of the underlying case but also the very premise of this

---

the mere prospect of a second lawsuit and discerned none: they have asserted no counterclaims, seek no affirmative relief, and will lose no legal defenses upon dismissal. *See Camilli*, 436 F.3d at 124 (explaining that the Supreme Court, when defining legal prejudice, was "concerned about the plight of a defendant who is ready to pursue *a claim* against the plaintiff in the same action that the plaintiff is seeking to have dismissed," and concluding that the deprivation of a favorable termination needed to assert a malicious prosecution claim in the future did not constitute the type of legal prejudice contemplated by the Supreme Court) (emphasis added); *Brown v. Nat'l R.R. Passenger Corp.*, 293 F.R.D. 128, 131 (E.D.N.Y. 2013) ("Legal prejudice would occur, for example, if dismissal of the plaintiff's case also impairs the ability of a defendant to pursue a counterclaim in the same action that plaintiff seeks to dismiss."); *cf. Paulino*, 320 F.R.D. at 112 (evaluating whether plaintiff should not be permitted to dismiss its case because defendants would "lose a potential statutory affirmative defense" upon dismissal).

[3] This objection is properly considered under the *Zagano* factors. *See D'Alto*, 100 F.3d at 283 (explaining that *Zagano* provided the "factors that are relevant in determining whether a case has proceeded so far that dismissing it in order for the plaintiff to start a separate action would prejudice the defendant," and concluding that the district court erred in failing to consider the *Zagano* factors before granting dismissal on the eve of trial).

action.  Philadelphia's change in position—from prosecuting the case to requesting dismissal—is therefore explained not by a lack of earlier diligence or vexatiousness but by new information regarding the underlying action.  *Cf. Accurate Grading Quality Assur., Inc. v. KGK Jewelry, LLC*, 2014 WL 3302303, at *3 (S.D.N.Y. July 7, 2014) (finding no vexatiousness when new circumstances explained the changed in plaintiff's position, namely, that "new counsel undertook a sober appraisal of the claims raised here and in the related actions, and determined that this action could be dismissed.").  Moreover, Philadelphia did not immediately move to dismiss the case "when the default and money judgment were vacated, or any earlier time, because it remained hopeful that the case could be resolved through global mediation."  Kohane Decl. ¶ 23.[4]  Because Philadelphia's motion was made following reasonable diligence in attempting to first resolve the case, and in light of the recent affirmation of the Vacatur Order, the first two *Zagano* factors weigh in favor of dismissal.

Next, the Court weighs the third *Zagano* factor—the extent to which the suit has progressed, including the defendants' efforts and expense in preparation for trial—as against dismissal, but only slightly.  There is no doubt that the case has progressed.  The parties have engaged in discovery. The Court recognizes the Jallow Defendants' efforts expended in this case so far.  At the same time, this case is no longer ripe for adjudication on the merits:  now that the default judgment has been vacated, Philadelphia is no longer entitled to an irrebuttable presumption that its opportunity to investigate and defend its insureds was materially prejudiced.[5]  This case can no longer be resolved based purely on legal presumptions; instead, additional fact finding is required with respect to the

---

[4] The Jallow Defendants recognize that the parties have engaged in "multiple mediation conferences," Bornstein Decl. ¶ 6, which evidences Philadelphia's good-faith attempt to resolve this matter without further litigation.

[5] *See* Comp. ¶ 44 ("Since Philadelphia's investigation and opportunity to defend its insureds in the Underlying Action was irrebuttably prejudiced, Philadelphia is entitled to a declaration that there is no coverage for South Bronx or BUFNY II under the Primary Policy or the Excess Policy."); *id.* ¶ 51 ("Since Philadelphia was unable to investigate the claim and/or defend its insureds in the Underlying Action due to the late notice, Philadelphia's rights have been materially prejudiced)."

extent to which Philadelphia's rights have been impaired in the now-ongoing state case.[6]  And while the Jallow Defendants contend that they will establish that Philadelphia received timely notice under the policy and that the case does not turn on prejudice, Bornstein Decl. ¶ 9, Jallow Opp. at 3, the Court cannot assume that the Jallow Defendants will prevail on this argument, and piecemeal summary judgment motion practice is to be avoided because it is inefficient and raises the prosect of multiple appeals.  Accordingly, more discovery is necessary to elucidate the key facts necessary to move this case forward, including those that will emerge during the state court litigation.  *See* Reply at 3.[7]  Therefore, although this case has progressed to some extent, the Court only weighs the third *Zagano* factor as slightly against dismissal.

Next, the Court weighs the fourth *Zagano* factor—the duplicative expense of re-litigation—as neutral.  The Court cannot assume that the parties will be unable to resolve this case throughout the state proceedings; it may be that re-litigation will be unnecessary.  And "[w]hile there would be some duplicative expense in relitigation, should Plaintiffs reopen this action, the parties could likely 'pick up' where they left off . . . ."  *See Accurate Grading Quality Assur., Inc.*, 2014 WL 3302303, at *4 (collecting cases); *see also United States v. Cathcart,* 291 F. App'x 360, 362 (2d Cir. 2008) (summary order) (noting that duplicative expenses were limited because "much of the work product may be used in any future litigation"); *Laurion v. PHH Mortg. Corp.*, 2025 WL 509341, at *4 (D. Conn. Feb. 13, 2025) ("Even if [the] plaintiff were to relitigate the remaining claims in a future action, whatever work defendants have done [on the case] can easily be used in a subsequent, similar action.").

---

[6] *See* N.Y. Ins. Law § 3420(c)(2)(A) ("In any action in which an insurer alleges that it was prejudiced as a result of a failure to provide timely notice, the burden of proof shall be on:  (i) the insurer to prove that it has been prejudiced, if the notice was provided within two years of the time required under the policy; or (ii) the insured, injured person or other claimant to prove that the insurer has not been prejudiced, if the notice was provided more than two years after the time required under the policy.").

[7] Additionally, the plaintiffs in the underlying action have already "moved the Appellate Division, First Department, to reargue the Court's decision, or, in the alternative, for leave to appeal the Court's decision to the Court of Appeals" in the underlying action.  *See* Dkt. No. 76 at 1 n.1.  If this Court entertains summary judgment motions, the parties may need to redo the entire summary judgment endeavor if the posture in the underlying action changes once more.

Additionally, by denying the Philadelphia's motion, the Court would in effect force on SoBro, BUFNY, and Philadelphia the costs of simultaneously litigating this and the state action at once; the Jallow Defendants are the only parties who seek to continue to litigate this case.  Accordingly, the Court weighs the fourth *Zagano* factor as neutral.

Finally, the fifth the *Zagano* factor—the adequacy of the plaintiff's explanation for the need to dismiss—weighs heavily in favor of dismissal.  As already explained, Plaintiff originally brought this action "because a judgment was entered against [the Insured Defendants] before Philadelphia was notified of the Underlying Action . . . "  Compl. at 16.  Based on those circumstances, Philadelphia believed that an irrebuttable presumption of prejudice applied and, as a result, Philadelphia had "no obligation to defendant [the Insured Defendants] in any action against them arising from the Underlying Action."  *Id.*  This case was predicated on assumptions rooted in those earlier circumstances, when the underlying action had concluded, liability had been determined, and Philadelphia's ability to investigate and defend the action was presumed to be "irrebuttably prejudiced."  *See id.*  With the default judgment vacated, the fundamental premise of this action has changed.  Because the circumstances in the underlying action and in this case have dramatically shifted since Philadelphia filed this suit, the fifth *Zagano* factor weighs heavily in favor of dismissal.

In sum, the only *Zagano* factor that weighs against dismissal—the third factor—is substantially outweighed by the first, second and fifth *Zagano* factors, which each weigh in favor of dismissal.  On balance, the *Zagano* factors weigh in favor of dismissing this case.

## IV.    Conclusion

Dismissal of this action is appropriate because the original premise underpinning Philadelphia's request for declaratory judgment has since been uprooted by the Vacatur Order, and because Defendants will not suffer prejudice upon dismissal of this action.  Accordingly,

Philadelphia's request to dismiss this action without prejudice pursuant to Federal Rule of Civil

Procedure 41(a)(2) is GRANTED.

      The Clerk of Court is directed to close this case.

      SO ORDERED.

Dated:  September 12, 2025
       New York, New York

                                        GREGORY H. WOODS
                                 United States District Judge