USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                         :

PHILADELPHIA INDEMNITY INSURANCE    :
COMPANY,                              :

                               :              1:23-cv-4101-GHW

                     Plaintiff,    :

          -v-                   :             MEMORANDUM
                               :        ORDER & OPINION

SOUTH BRONX OVERALL ECONOMIC       :
DEVELOPMENT CORPORATION, *et al.*,   :

                               :

                Defendants.   :

                               :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

## I.    INTRODUCTION

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") filed this declaratory judgment action after learning that a state court had entered a $16 million default judgment against its insureds—South Bronx Overall Economic Development Corporation d/b/a SoBro ("SoBro") and BUFNY II Associates, L.P. ("BUFNY") (collectively, the "Insured Defendants").  They had failed to appear and defend a wrongful death action that began in 2014.  Philadelphia first learned of the action in 2023 after the default judgment was entered.  Philadelphia commenced this action seeking a declaration that the late notice relieved it of any duty to defend or indemnify the Insured Defendants.  But after the state court vacated the default judgment, Philadelphia moved to dismiss this action without prejudice, and the Court granted that request.  The Insured Defendants now seek to recover the attorneys' fees, costs, and disbursements that they incurred in defending this action.  Under New York law, an insured may recover those fees only if the insurer cast the insured in a defensive posture in a dispute over the duty to defend and the insured prevailed on the merits.  Because the Insured Defendants did not prevail on the merits, their motion is DENIED.

## II.     BACKGROUND

The Court assumes familiarity with the factual and procedural history set out in its prior decision, Dkt. No. 77 (the "Dismissal Order"), and summarizes here only the facts relevant to this motion.

### A.  The Underlying Wrongful Death Action

In 2013, Ebrima Jallow died while performing construction work in a building owned and managed by the Insured Defendants.  *See* Dkt. No. 1 ("Compl.") ¶¶ 12, 18–21; Dkt. No. 61-1 ("Kohane Decl.") ¶ 13.  In 2014, Mr. Jallow's estate and his wife brought a wrongful death action against the Insured Defendants in New York State Supreme Court (the "Underlying Action").  *See* Kohane Decl. ¶¶ 4, 12–14.  The Insured Defendants did not appear, and the court entered a $16 million default judgment against them.  Compl. ¶¶ 14–17.

Philadelphia did not learn of the Underlying Action until March 2023, almost ten years after the case began and after the default judgment had been entered.  Kohane Decl. ¶¶ 5, 17. Philadelphia denied coverage based on the late notice but provided the Insured Defendants a "courtesy" defense in the Underlying Action, subject to a reservation of rights, to seek vacatur of the judgment.  *Id.* ¶ 18.

### B.  The Declaratory Judgment Action

In May 2023, Philadelphia filed this declaratory judgment action against all parties to the Underlying Action, including the Insured Defendants, as well as the co-administrators of Mr. Jallow's estate and his wife individually (collectively, the "Jallow Defendants").  Philadelphia sought, among other relief, declarations that, due to late notice of the Underlying Action, it had no duty to

defend or indemnify the Insured Defendants.[1]

In May 2024, the New York State Supreme Court vacated the default judgment, which the plaintiffs appealed to the Appellate Division, First Department.  Kohane Decl. ¶¶ 7–8; Ex. D (the "Vacatur Order").  In March 2025, Philadelphia moved to stay this action or, in the alternative, to dismiss it without prejudice under Rule 41(a)(2), arguing that the Vacatur Order had eliminated the default judgment that was the premise of the case.  *See* Dkt. Nos. 61–62, 69–70.  All defendants opposed the motion.  Dkt. Nos. 64–66.  The Court stayed the action pending the First Department's decision.  Dkt. No. 73.  The First Department affirmed the Vacatur Order on May 20, 2025.  Dkt. No. 74-1.

In July 2025, Philadelphia renewed its motion to dismiss the action without prejudice.  Dkt. No. 76.  The Insured Defendants consented, but the Jallow Defendants opposed dismissal.  *Id.*  The Court granted the motion, concluding that the Vacatur Order had eliminated the premise on which Philadelphia had filed this action.  *See* Dismissal Order.  On November 18, 2025, the Insured Defendants moved to recover the attorneys' fees, costs, and disbursements they incurred in defending the declaratory judgment action.  Dkt. No. 78.

## III.    LEGAL STANDARD

"Under the American Rule, 'attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule.'"  *Sage Sys., Inc. v. Liss*, 39 N.Y.3d 27, 30–31 (2022) (quoting *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491 (1989)); *see also Oscar Gruss & Son, Inc. v. Hollander*, 337

---

[1] Philadelphia asserted three causes of action.  First, it sought a declaration that there is no coverage for the Insured Defendants since Philadelphia's investigation and opportunity to defend its insureds in the Underlying Action was irrebuttably prejudiced by late notice.  Compl. ¶¶ 38–44.  Second, Philadelphia sought a declaration that the Insured Defendants are not entitled to coverage because its rights have been materially prejudiced since "Philadelphia was unable to investigate the claim and/or defend its insured in the Underlying Action due to the late notice."  *Id.* ¶¶ 45–53.  Third, Philadelphia sought a declaration that the Insured Defendants are not entitled to coverage because the Underlying Action does not arise out of a "professional incident" as defined by the policy.  *Id.* ¶¶ 54–60.

F.3d 186, 199 (2d Cir. 2003); *U.S. Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004).  New York recognizes a narrow exception to that rule—the "*Mighty Midgets* exception"— where "an insured who is 'cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations,' *and* who prevails *on the merits*, may recover attorneys' fees incurred in defending against the insurer's action."  *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597 (2004) (emphasis added) (quoting *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979)).

The Second Circuit, interpreting New York law, has held that "*Mighty Midgets* only applies 'when a policyholder has been cast in a defensive posture by its insurer *in a dispute over the insurer's duty to defend.*'"  *Liberty Surplus Ins. Corp. v. Segal Co.*, 420 F.3d 65, 67 (2d Cir. 2005) (per curiam) (quoting *Emps. Mut. Cas. Co. v. Key Pharms.*, 75 F.3d 815, 824 (2d Cir. 1996) (per curiam)).  "The reasoning behind the *Mighty Midgets* exception is that an insurer's duty to defend extends to any action arising out of a covered event, including an action brought by the insurer to free itself from covering the event."  *Id.*  "Thus, it is not so much an exception to the American rule that litigants pay their own fees and expenses, as it is a right that arises from th[e] contractual duty to defend."  *Danaher Corp. v. Travelers Indem. Co.*, No. 10 CIV. 0121, 2013 WL 364734, at *3 (S.D.N.Y. Jan. 31, 2013) (citation and quotation marks omitted), *report and recommendation adopted*, 2013 WL 1387017 (S.D.N.Y. Apr. 5, 2013).

## IV.   DISCUSSION

Although the Insured Defendants were cast in a defensive posture by the declaratory judgment action, they did not prevail on the merits and therefore are not entitled to recover attorneys' fees under the *Mighty Midgets* exception.

### A.  The Insured Defendants Were Cast in a Defensive Posture

The Insured Defendants were cast in a defensive posture.  An insured is "cast in a defensive

posture" when its insurer seeks a declaratory judgment that it has no duty to defend or indemnify, thereby forcing the insured to defend against the insurer's "effort to free itself from its policy obligations." *See City Club Hotel*, 3 N.Y.3d at 597–98 (finding insured was cast in a defensive posture when insurer sought declaratory judgment that it had no duty to defend or indemnify); *see also Specialty Nat'l Ins. Co. v. Eng. Bros. Funeral Home*, 606 F. Supp. 2d 466, 473 (S.D.N.Y. 2009) (same); *Bhd. Mut. Ins. Co. v. Ludwigsen*, No. 16-CV-6369, 2018 WL 4211319, at *18 (S.D.N.Y. Sept. 4, 2018) (same).  Here, Philadelphia cast the Insured Defendants in a defensive posture by filing this declaratory judgment action to establish that late notice relieved it of any duty to defend or indemnify the Insured Defendants.

### B.  The Insured Defendants Did Not Prevail on the Merits

Because the Court did not determine whether Philadelphia owed a duty to defend, the Insured Defendants have not prevailed on the merits.  An insured "prevails on the merits" for purposes of the *Mighty Midgets* exception when the court determines that the insurer owes a duty to defend.  *See, e.g.*, *Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, No. 10 CIV. 2188, 2011 WL 724737, at *5 (S.D.N.Y. Feb. 23, 2011) ("Since the Court has determined that [the insurer] does have a duty to defend and may have a duty to indemnify . . . [the insureds] have prevailed on the merits for the purpose of obtaining legal fees."), *aff'd*, 483 F. App'x 599 (2d Cir. 2012); *Eng. Bros. Funeral Home*, 606 F. Supp. 2d at 473 ("[S]ince the Court has now determined that [the insurer] does have a duty to defend [the insured] in the underlying suits, [the insured] has prevailed on the merits."); *Union Mut. Fire Ins. Co. v. Wertzberger*, No. 23-CV-07792, 2026 WL 21675, at *12 (E.D.N.Y. Jan. 5, 2026) (holding insured "prevailed" after the court denied insurer's summary judgment motion, finding it had a duty to defend); *City Club Hotel*, 3 N.Y.3d 592, 598 (holding insured "successfully defended against the insurer's summary judgment motion" regarding its duty to defend and

indemnify and "thereby prevailed").

By contrast, an insured has not "prevailed on the merits" if the court does not resolve whether the insurer owes a duty to defend or determines that the insurer owes no such duty. *See, e.g.*, *Ludwigsen*, 2018 WL 4211319, at *18 (holding insured had "not prevailed on the merits" where a factual issue bearing on his entitlement to defense coverage had "yet to be resolved"); *Berkley Assurance Co. v. John H. Fisher, P.C.*, 771 F. Supp. 3d 292, 309–10 (S.D.N.Y. 2025) (holding insureds did not prevail on the merits where the court granted insurer's summary judgment motion and determined that insurer had no duty to defend or indemnify); *Jasam Realty Corp. v. Fid. & Guar. Ins. Underwriters, Inc.*, No. CV 13-2333, 2013 WL 3786298, at *3 (E.D.N.Y. July 11, 2013) (holding that where a coverage dispute was resolved by a global settlement, insureds "cannot claim to have 'prevailed' on the merits"), *aff'd*, 570 F. App'x 12 (2d Cir. 2014). And even where a court has determined that an insurer owes a duty to defend, the insured may have not yet prevailed on the merits if an unresolved issue could alter that determination. *See Scottsdale Ins. Co. v. United Indus. & Const. Corp.*, 137 F. Supp. 3d 167, 182 (E.D.N.Y. 2015) (holding that a motion for fees was "premature" and insured "has not yet prevailed on the merits" where insurer's rescission claim remained unresolved and, if successful, "the duty to defend could likely change").

Here, the Insured Defendants have not prevailed on the merits. The Court granted Philadelphia's motion to dismiss this action without prejudice under Rule 41(a)(2), and the Insured Defendants consented. In doing so, the Court did not determine that Philadelphia owed a duty to defend—or adjudicate *any* claim regarding its ultimate coverage obligations. To the contrary, the Court observed that "this case is no longer ripe for adjudication on the merits." Dismissal Order at 8. As the Court explained:

> [N]ow that the default judgment has been vacated, Philadelphia is no longer entitled to an irrebuttable presumption that its opportunity to investigate and defend its insureds was materially prejudiced. This case can no longer be resolved based purely on legal presumptions; instead, additional fact finding is required with respect to the

6

extent to which Philadelphia's rights have been impaired in the now-ongoing state case.

*Id.* at 8–9 (footnote omitted). The Insured Defendants cannot "prevail on the merits" where the vacatur of the default judgment left unresolved key factual issues bearing on whether Philadelphia could disclaim coverage, including any duty to defend. *See Ludwigsen*, 2018 WL 4211319, at *18. And because the dismissal was without prejudice, Philadelphia can renew its claims at any time. Because the Court did not determine whether Philadelphia owes a duty to defend, the Insured Defendants did not "prevail on the merits" and therefore are not entitled to attorneys' fees under the *Mighty Midgets* exception.

The Insured Defendants' arguments to the contrary do not withstand scrutiny. At the outset, they mistake the absence of a favorable ruling for Philadelphia as a ruling for them: "Insofar as Philadelphia cannot succeed based upon the allegations in its Complaint, the Defendants have prevailed and are entitled to an award of costs and fees." Dkt. No. 82 ("Reply") at 3. They likewise assert that "Plaintiff could not and did not prevail and, *a fortiori*, the Defendants succeeded." *Id.* at 5. But that does not follow. The Court did not hold that Philadelphia owed a duty to defend or indemnify. It held only that, once the default judgment was vacated, the premise on which Philadelphia had brought this action no longer held, so dismissal without prejudice under Rule 41(a)(2) was appropriate. Dismissal Order at 8–9. The Insured Defendants thus mistake the absence of a merits ruling in Philadelphia's favor on its coverage obligations for a merits ruling in their favor; the fact that Philadelphia did not lose does not mean that they won.

Next, the Insured Defendants assume that because Philadelphia was "no longer entitled to an irrebuttable presumption" of prejudice, Philadelphia lost the coverage dispute. Reply at 3, 5. But the loss of the irrebuttable presumption established only that Philadelphia could no longer prevail on that basis alone. It did not establish the converse—that Philadelphia suffered no prejudice and owed coverage. *See* Kohane Decl. ¶¶ 28–30 ("The outcome of the appeal regarding the vacatur of

7

the Order on Inquest will, in large part, dictate Philadelphia's legal position for the remainder of this case (i.e., whether its entitlement to a presumption of prejudice is rebuttable or irrebuttable)."). The Court said exactly that when it explained that the case could no longer be resolved on presumptions alone and now required additional fact finding. Dismissal Order at 8–9. The Insured Defendants attempt to recharacterize Philadelphia's loss of one litigation advantage into a loss on its ultimate coverage obligations.

The Insured Defendants also misread the significance of Philadelphia's courtesy defense in the Underlying Action. They argue that Philadelphia "does not dispute its obligation to defend Defendants in the Underlying Action and has agreed to provide Defendants with a defense" and call that fact "[h]ighly relevant." Dkt. No. 78-8 at 3–4. They then cite the courtesy defense as evidence that they have prevailed on the merits: "The bottom line is Plaintiff brought this action and placed Defendants in a defensive posture. That action has now been dismissed and Plaintiff is providing a defense to the underlying action. Those facts are sufficient to award reasonable costs and attorneys' fees to the Defendants." Reply at 5. But a courtesy defense under a reservation of rights is not a concession of coverage. It preserves the insurer's position while the coverage dispute continues. And Philadelphia's commencement of this action seeking declarations that it owes no duty to defend or indemnify confirms that it has not conceded its ultimate coverage obligations. The provision of the courtesy defense therefore does not show the Insured Defendants prevailed on the merits. Because Philadelphia's claims were dismissed without prejudice, it is at liberty to change its position.

The Insured Defendants' reliance on *Utica Mutual Insurance Co. v. Crystal Curtain Wall System Corp.*, 204 N.Y.S.3d 902 (N.Y. Sup. Ct. 2023), is also unpersuasive. As an initial matter, *Utica* rests on a premise that runs counter to binding Second Circuit precedent: the court awarded fees in a declaratory judgment action in which the insurer conceded its duty to defend and challenged only its duty to indemnify. *See Liberty Surplus Ins. Corp.*, 420 F.3d at 67 ("*Mighty Midgets* only applies 'when a

8

policyholder has been cast in a defensive posture by its insurer *in a dispute over the insurer's duty to defend.*'" (quoting *Emps. Mut. Cas. Co.*, 75 F.3d at 824)).  The *Utica* court acknowledged the absence of controlling appellate authority on that question and "conclude[d] for itself" that an insured may recover fees when it prevails in an indemnity-only action.  *Utica*, 204 N.Y.S.3d at 910.  In doing so, it expressly declined to follow the Second Circuit's contrary decisions applying New York law.  *Id.* ("This court concludes, though, that these Second Circuit decisions misapprehend the governing precedents in this area of the Court of Appeals and the Appellate Division.").  This Court cannot disregard binding Second Circuit authority:  the Insured Defendants' request that it do so is an invitation to err.

In any event, *Utica* is unpersuasive on the narrower point for which the Insured Defendants cite it—namely, that an insured prevails on the merits and may recover fees "even where the action was subject to dismissal as premature."  Dkt. No. 78-8 at 5.  In *Utica*, the insureds moved to dismiss the action, asserting that the insurer's indemnification obligations were not yet ripe for determination.  204 N.Y.S.3d at 905.  The court granted the motion and dismissed the action without prejudice as premature.  *Id.* at 908.  The court then reasoned that because the insureds were cast in a defensive posture and "prevail[ed], because the action is subject to dismissal as premature," "[i]t would appear to follow straightforwardly, therefore, that the [insureds] are entitled to attorney fees."  *Id.* at 909.  But the court did not explain why a dismissal without prejudice that permitted renewal of the action once the dispute ripened amounted to the insureds prevailing "on the merits." The Court does not read New York law to treat that sort of non-merits procedural disposition as enough to satisfy the "prevail[ed] on the merits" requirement established by New York State's Court of Appeals.  *See City Club Hotel*, 3 N.Y.3d at 597.  And "[i]n the absence of a ruling by the Court of Appeals, a federal district court is not bound by the opinions issued by New York State's lower courts."  *Williams v. J.P. Morgan & Co.*, 199 F. Supp. 2d 189, 191 (S.D.N.Y. 2002).  *Utica*'s

9

unsupported disregard for the Court of Appeals' decision is not persuasive.

*Utica* is also factually and procedurally distinct from this case. First, the insurer conceded that it had a duty to defend, and as discussed above, Philadelphia has made no such concession. Second, the *Utica* insureds moved to dismiss and defeated the insurer's cross-motion for partial summary judgment. Here, by contrast, Philadelphia moved to voluntarily dismiss its own action without prejudice under Rule 41(a)(2), and the Insured Defendants consented to that motion. The Court did not grant relief on a motion filed by the Insured Defendants, nor did it resolve any issue regarding Philadelphia's coverage obligations. It simply recognized that developments in the Underlying Action had changed the posture of this case and dismissed the action accordingly. That is a far thinner basis on which to claim that the Insured Defendants even arguably "prevailed," and it falls well short of the sort of merits ruling that has supported fee awards in other cases.

The Court also finds the Insured Defendants' invocation of *English Bros.*—which they cite as further support that an insured can recover fees "even where the action was subject to dismissal as premature"—to be disingenuous.[2] In *English Bros.*, the court dismissed the indemnity claim as premature while simultaneously holding that the insurer owed a duty to defend. 606 F. Supp. 2d at 473. It was that merits ruling on the duty to defend—not the dismissal of the indemnity claim as premature—that justified the fee award. *English Bros.* fits squarely within the *Mighty Midgets* exception.

Taken together, the Insured Defendants' arguments collapse the distinction between failing to lose and winning. Because the Court never resolved whether Philadelphia owed a duty to defend, the Insured Defendants did not prevail on the merits within the meaning of *Mighty Midgets* and its progeny; therefore, they are not entitled to recover attorneys' fees.

---

[2] The Insured Defendants' brief in support of their motion states: "In Utica, *supra*, the Court concluded that the insured were entitled to attorneys' fees even where the action was subject to dismissal as premature. *Id.* at 180; *see also* English Bros., *supra* at 472." Dkt. No. 78-8 at 5.

## V.   CONCLUSION

For the foregoing reasons, the Insured Defendants' motion for an award of attorneys' fees, costs, and disbursements is DENIED.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 78.

SO ORDERED.

Dated:  April 12, 2026
        New York, New York

_____
GREGORY H. WOODS
United States District Judge